## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC | |
| *Plaintiffs* | Civil Action No. |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | **JURY TRIAL DEMANDED** |
| *Defendants* | |

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Fundamental Innovation Systems International LLC ("Fundamental"), by and through its undersigned counsel, brings this action against Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung") to prevent the Defendants' continued use of Plaintiff's patents without authorization and to recover damages resulting from such unauthorized use.

## PARTIES

1.     Plaintiff Fundamental Innovation Systems International LLC is a Delaware limited liability company with its principal place of business located at 2990 Long Prairie Road, Suite B, Flower Mound, Texas 75022.

2.     Fundamental is the assignee of all right, title, and interest in U.S. Patent Nos. 6,936,936 (the "'936 Patent"), 7,239,111 (the "'111 Patent"), 7,834,586 (the "'586 Patent"), 8,232,766 (the "'766 Patent"), 8,624,550 (the "'550 Patent"), 7,791,319 (the "'319 Patent"), 8,541,983 (the "'983 Patent"), and 7,893,655 (the "'655 Patent") (collectively, the "Patents-in-

Suit").

3.      On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a Korean corporation.  On information and belief, SEC designs, manufactures, and provides to the United States a range of electronic devices, including mobile devices such as smartphones and tablets.

4.      On information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a New York corporation.  On information and belief, SEA was formed in 1977 as a subsidiary of SEC.  On information and belief, SEA delivers, markets, sells and offers for sale in the United States as well as imports into the United States a range of digital consumer electronics, mobile products and wearables, including mobile devices such as smartphones and tablets.  On information and belief, SEA acquired Samsung Telecommunications America, LLC ("STA") in 2015 and manages STA's operation.  SEA's registered agent authorized to receive service of process is C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.      On information and belief, STA was a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75081.  Prior to STA's acquisition, STA marketed, developed, sold and offered for sale in the United States as well as imported into the United States various personal and business communication products, including mobile devices such as smartphones and tablets.  On information and belief, after acquisition by SEA, STA continues to operate as Samsung Mobile.  On further information and belief, Samsung Mobile markets, develops, sells and offers for sale in the United States as well as imports into the United States various personal and business communication products, including mobile devices such as smartphones and tablets.

6.      Defendants operate under and identify with the trade name "Samsung."  On information and belief, each of the Defendants directly or indirectly imports, develops, designs, manufactures, uses, distributes, markets, offers to sell and/or sells products and services in the United States, including in this district, and otherwise purposefully directs activities to the same.

On information and belief, the Defendants have been and are acting in concert and are otherwise liable jointly, severally or in the alternative for a right to relief with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale or selling of at least one infringing product.

## FACTUAL ALLEGATIONS

### *The Patents-in-Suit*

7.      The '936, '111, '586, '766 and '550 Patents relate to, among other things, novel techniques for using the Universal Serial Bus ("USB") in connection with certain devices to both facilitate data communication and allow for the charging of devices.   This technology represented a fundamental break from previous techniques for device charging and has supported the rapid miniaturization of devices, improved user experience as well as the dramatic increase in performance and features.

8.      The '319, '983 and '655 Patents relate to, among other things, novel techniques for charging a battery with a limited capacity power source (such as a USB power source) while ensuring that the electronic device is provided with sufficient power needed for operation. Among other things, this technology enables control of the total power that can be drawn from a USB port, modulates the current supply between device operation and battery charging based on the power needed to operate the device, and allows for nearly immediate operation of an electronic device with a deeply discharged battery, all without significantly increasing the area of the semiconductor chips that perform battery charging.

9.      The Patents-in-Suit resulted from a large scale research and development program at Research In Motion Limited ("RIM"), later reorganized as BlackBerry Limited ("BlackBerry").   At the time of invention, RIM was a global leader and pioneer in the field of wireless mobile communications.   The company was founded in 1984 and revolutionized the mobile industry when it launched the BlackBerry® 850 in 1999.   Fundamental is responsible for

protecting and licensing seminal BlackBerry innovations in the field of USB charging.

**Samsung's Devices and Infringement**

10.     On information and belief, Samsung, makes, uses, sells, offers for sale and/or imports infringing products in the United States, including but not limited to infringing consumer electronic products and infringing power adapters (the "Accused Products").   Examples of the Accused Products include, but are not limited to, the Samsung Galaxy S7, S7 Edge, S7 Plus, S7 Edge Plus, S6, S6 Plus, S6 Edge, S6 Edge Plus, Note 5, Note Edge, Note 4, J7 and J3, Tab S2, TabPro S, Samsung adaptive fast-charging chargers (*e.g.*, EP-TA20, EP-TA20JWE, EP-TA20JWS, EP-TA300), Samsung 5V-output wall chargers (*e.g.*, EP-TA12, EP-TA12JWE, ETA-U90, ETA-U90JWE, ETA-U90EWE, EP-TA10, EP-TA10JWE, EP-TA50, EP-TA50JWS, ETAU061, ETAU061JWE), and other infringing consumer electronic products and infringing mobile power adapters that include similar functionality to the extent not licensed to the Patents-in-Suit.

11.     On information and belief, certain of the Accused Products are mobile devices that can be used with a wireless telecommunications network.   The mobile devices include USB interfaces, USB communication paths and charging sub-systems that are operably connected to the USB interface.   The charging sub-systems are configured to receive power and use the power to charge a battery.   The mobile devices are able to detect an identification signal received via the USB interface, which may be an abnormal USB data condition and is different than USB enumeration.   The identification signal enables the mobile device to draw current unrestricted by a USB specification limit.

12.     On information and belief, certain of the Accused Products are devices that include a switch that is configurable to isolate a rechargeable battery from a multifunctional portable device, along with a battery charge controller that is configured to receive power from an external USB source and to supply output power both to the portable device and, via the switch, to the battery.   The battery charge controller is so configured that the portable device and the rechargeable battery do not draw more than a pre-determined maximum current available

from the USB port.  The Accused Products further include a sensing circuit that measures the voltage drop across the battery charge controller, determines the power supplied to the portable device and, in response to the measurement, modulates the switch to limit the amount of current supplied for battery charging so that sufficient power is supplied to the portable device for its operation.

13.     On information and belief, certain of the Accused Products are devices that include a rechargeable battery and USB-compliant charging and power supply circuits.  These Accused Products include switch-mode battery charging circuitry that receives power from an external source and supplies power through an output node of the switch-mode battery charging circuitry both to the device and, via a switch, to the rechargeable battery.  The switch can isolate the device from the rechargeable battery when needed.   The switch-mode battery charging circuitry is able to supply output power with a current that is greater than the current from the external power source.  The Accused Products also include circuitry that receives a reference voltage from the device and determines a corresponding minimum voltage value at the output node and that, upon sensing that an output voltage at the output node is below the minimum value, modulates the switch to restrict current to the rechargeable battery in order to increase power allocated to the device to ensure its proper operation.

14.     On information and belief, certain of the Accused Products are USB adapters that are designed to provide power to a mobile device through a USB port.  The Accused Products receive power from a power socket and include a power converter that regulates the received power to generate a DC power output.  The Accused Products are configured to generate an identification signal that indicates to the mobile device that it is receiving power from a source that is not a USB host or hub.  The Accused Products are able to supply current to a mobile device without regard to at least one associated condition specified in a USB specification.

### *Samsung's Knowledge of Patents-in-Suit and Infringement*

15.     No later than December 14, 2015, Samsung had first received specific notice that it infringes the Patents-in-Suit via a letter from Fundamental to Mr. Kun-Hee Lee of Samsung.

16.     Fundamental is informed and believes, and on this basis alleges, that subsequent to December 14, 2015, Samsung has continued to make use, sell, offer for sale and import into the United States the Accused Products.  As an example, Samsung has continued to sell, offer to sell and import Accused Products via its own web sites, including http://www.samsung.com/us/mobile/phones/, and through authorized retailers and distributors. Samsung's making, using, selling, offering to sell and importation of the Accused Products into the United States constitutes direct infringement under 35 U.S.C. § 271(a).  On information and belief, Samsung also directly infringes one or more method claims in the Patents-in-Suit by testing, repairing and using the Accused Products in the United States.

17.     Fundamental is informed and believes, and on this basis alleges, that subsequent to December 14, 2015, Samsung has continued to make, use, sell, offer for sale and import into the United States the Accused Products with knowledge that these Accused Products are a material part of inventions claimed by the Patents-in-Suit and are especially made or adapted for use in an infringement of the Patents-in-Suit.  On information and belief, Samsung knows that the Accused Products are not a staple article or commodity of commerce suitable for substantial non-infringing use or remains willfully blind to this fact.  Samsung's actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Products, in violation of 35 U.S.C § 271(c).  For example, the Accused Products include battery charging adapters and/or custom-made charging chips, which are a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, such components are a material part of the invention and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

18.     On information and belief, subsequent to December 14, 2015, Samsung has continued to advertise and distribute the Accused Products, offer technical assistance and publish user manuals, specifications, promotional literature and/or instructions to customers, partners and/or end users, advising them to use the Accused Products in a manner that directly infringes the Patents-in-Suit.  On information and belief, Samsung actively induced, and continues to

actively induce, direct infringement of the Patents-in-Suit by such acts, in violation of 35 U.S.C § 271(b).  For example, Defendants' customers who purchase the Accused Products and operate the Accused Products in accordance with instructions provided by Samsung directly infringe one or more claims of the Patents-in-Suit.  Samsung provides such instructions through, for example, user guides, including user guides located at: http://www.samsung.com/us/support/.

19.     Fundamental is informed and believes, and on this basis alleges, that Samsung has further induced infringement by remaining willfully blind to its customers' infringement despite believing there to be a high probability its customers, among others, infringe the Patents-in-Suit.

## JURISDICTION AND VENUE

20.     This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et. seq., including 35 U.S.C. § 271.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

21.     This Court has personal jurisdiction over Samsung because it has substantial, systematic and continuous contacts with this judicial district.  Samsung has a regular and established place of business in the State of Texas and in this judicial district, and maintains facilities and employees within Texas and within this judicial district.  Samsung has sold and offered to sell infringing products in this State and judicial district and has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this judicial district and elsewhere in Texas.  STA was headquartered in this District, and SEA carries on STA's operations as Samsung Mobile at STA's facilities, located at 1301 East Lookout Drive, Richardson, Texas, 75081.  In addition to performing its mobile research and development efforts in Richardson, Samsung additionally maintains a mobile Service & Support Center in the District at 1000 Klein Road, Plano, Texas 75074.  Samsung is also registered to do business in Texas and maintains an agent authorized to receive service of process within Texas: CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Samsung further authorizes sales of and services for the Accused Products in this judicial district.  For

example, Samsung authorizes sales at Best Buy, AT&T, Verizon, T-Mobile, Sprint and others located in this judicial district.  Samsung further maintains authorized service centers in this judicial district, including at, for example, 2800 Technology Drive, Suite #200, Plano, Texas 75074, and Best Buy stores located in Longview, Texas, and Plano, Texas.

22.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).    Samsung has a regular and established place of business in this district.  Samsung has offices and facilities in this judicial district, including Samsung Mobile headquarters in Richardson, Texas, and resides and is subject to personal jurisdiction in this judicial district. Further, a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.  Samsung has committed acts of infringement in this judicial district by, among other things, marketing, selling and offering for sale infringing products in this judicial district and through the business operations of Samsung entities in this judicial district.

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,232,766)

23.     Fundamental re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

24.     The '766 Patent, entitled "Multifunctional Charger System and Method," was duly and legally issued on July 31, 2012.  A true and correct copy of the '766 Patent is attached as Exhibit A.

25.     The '766 Patent names Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong and Jonathan T. Malton as co-inventors.

26.     The '766 Patent has been in full force and effect since its issuance.  Fundamental owns by assignment the entire right, title and interest in and to the '766 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.

27.     Fundamental is informed and believes, and on this basis alleges, that Samsung has

committed and continues to commit acts of direct infringement of the '766 patent by making, using, selling, offering to sell and/or importing into the United States Accused Products including, for example, the Samsung Galaxy S7, S7 Edge, S7 Plus, S7 Edge Plus, S6, S6 Plus, S6 Edge, S6 Edge Plus, Note 5, Note Edge, Note 4, J7, J3, Tab S2, TabPro S and other infringing consumer electronic products that include similar functionality.

28.     Fundamental is informed and believes, and on this basis alleges, that Samsung has been, and currently is, inducing infringement of the '766 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell the Accused Products in the United States, or to import such Accused Products into the United States, without license or authority from Fundamental, with knowledge of or willful blindness to the fact that Samsung's actions will induce others, including but not limited to its customers, partners and/or end users, to directly infringe the '766 patent.

29.     Fundamental is informed and believes, and on this basis alleges, that Samsung has intentionally aided and encouraged third parties (including Samsung's customers, partners and end users) to use Accused Products in the United States in a manner that it knows would infringe or have a high probability of infringing the '766 Patent, with the specific intent that those performing the acts infringe the '766 Patent.  Fundamental is also informed and believes, and on this basis alleges, that Samsung has intentionally aided and encouraged third parties (including Samsung's vendors and partners) to sell or offer for sale in the United States and/or import into the United States Accused Products, having known that the acts it was causing would infringe or have a high probability of infringing the '766 Patent and with a specific intent that those performing the acts infringe the '766 Patent.

30.     Fundamental is informed, and on this basis alleges, that Samsung has been, and currently is, contributorily infringing the '766 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '766 Patent, are known by Samsung to be especially made or especially adapted for use in infringement of the

'766 Patent and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products.  Samsung's actions contribute to the direct infringement of the Patents-in-Suit by others, including Samsung's customers, partners and/or end users, in violation of 35 U.S.C § 271(c).

31.     As a result of Samsung's infringement of the '766 Patent, Fundamental has been damaged.  Fundamental is entitled to recover for damages sustained as a result of Samsung's wrongful acts in an amount yet to be determined.

32.     In addition, Samsung's infringing acts and practices have caused and are causing immediate and irreparable harm to Fundamental.

33.     Samsung has had actual knowledge of its infringement of the '766 Patent since no later than December 14, 2015.  Fundamental is further informed, and on this basis alleges, that Samsung's infringement of the '766 Patent has been and continues to be deliberate and willful, and, therefore, this is therefore an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,834,586)

34.     Fundamental re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

35.     The '586 Patent, entitled "Multifunctional Charger System and Method," was duly and legally issued on November 16, 2010.  A true and correct copy of the '586 Patent is attached as Exhibit B.

36.     The '586 Patent names Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong and Jonathan T. Malton as co-inventors.

37.     The '586 Patent has been in full force and effect since its issuance.  Fundamental owns by assignment the entire right, title and interest in and to the '586 Patent, including the

right to seek damages for past, current and future infringement thereof.

38.     Fundamental is informed and believes, and on this basis alleges, that Samsung has committed and continues to commit acts of direct infringement of the ′586 patent by making, using, selling, offering to sell and/or importing into the United States Accused Products including, for example, the Samsung Galaxy S7, S7 Edge, S7 Plus, S7 Edge Plus, S6, S6 Plus, S6 Edge, S6 Edge Plus, Note 5, Note Edge, Note 4, J7, J3, Tab S2, TabPro S and other infringing consumer electronic products that include similar functionality.

39.     Fundamental is informed and believes, and on this basis alleges, that Samsung has been, and currently is, inducing infringement of the '586 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell the Accused Products in the United States, or to import such Accused Products into the United States, without license or authority from Fundamental, with knowledge of or willful blindness to the fact that Samsung's actions will induce others, including but not limited to its customers, partners and/or end users, to directly infringe the '586 patent.

40.     Fundamental is informed and believes, and on this basis alleges, that Samsung has intentionally aided and encouraged third parties (including Samsung's customers, partners and end users) to use Accused Products in the United States in a manner that it knows would infringe or has a high probability of infringing the '586 Patent, with the specific intent that those performing the acts infringe the '586 Patent.  Fundamental is also informed and believes, and on this basis alleges, that Samsung has intentionally aided and encouraged third parties (including Samsung's vendors and partners) to sell or offer for sale in the United States and/or import into the United States Accused Products, having known that the acts it was causing would infringe or have a high probability of infringing the '586 Patent and with a specific intent that those performing the acts infringe the '586 Patent.

41.     Fundamental is informed, and on this basis alleges, that Samsung has been, and currently is, contributorily infringing the '586 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties, in this judicial district and throughout the United

States, components that embody a material part of the inventions described in the '586 Patent, are known by Samsung to be especially made or especially adapted for use in infringement of the '586 Patent and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products.  Samsung's actions contribute to the direct infringement of the Patents-in-Suit by others, including Samsung's customers, partners and/or end users, in violation of 35 U.S.C § 271(c).

42.     As a result of Samsung's infringement of the '586 Patent, Fundamental has been damaged.  Fundamental is entitled to recover for damages sustained as a result of Samsung's wrongful acts in an amount yet to be determined.

43.     In addition, Samsung's infringing acts and practices have caused and are causing immediate and irreparable harm to Fundamental.

44.     Samsung has had actual knowledge of its infringement of the '586 Patent since no later than December 14, 2015. Fundamental is further informed, and on this basis alleges, that Samsung's infringement of the '586 Patent has been and continues to be deliberate and willful, and, therefore,  this is therefore an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

## THIRD CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,791,319)

45.     Fundamental re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

46.     The '319 Patent, entitled "Circuit and Method of Operation for an Electrical Power Supply," was duly and legally issued on September 7, 2010.  A true and correct copy of the '319 Patent is attached as Exhibit C.

47.     The '319 Patent names Dusan Veselic and Martin G. A. Guthrie as co-inventors.

48.     The '319 Patent has been in full force and effect since its issuance.  Fundamental

owns by assignment the entire right, title and interest in and to the '319 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.

49.     Fundamental is informed and believes, and on this basis alleges, that Samsung has committed and continues to commit acts of direct infringement of the '319 patent by making, using, selling, offering to sell and/or importing into the United States Accused Products including, for example, the Samsung Galaxy S7, S7 Edge, S7 Plus, S7 Edge Plus, S6, S6 Plus, S6 Edge, S6 Edge Plus, Note 5, Note Edge, TabPro S and other infringing consumer electronic products that include similar functionality.

50.     On information and belief, Samsung has been, and currently is, inducing infringement of the '319 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell, or offer to sell the Accused Products in the United States, or to import such Accused Products into the United States, without license or authority from Fundamental, with knowledge of or willful blindness to the fact that Samsung's actions will induce others, including but not limited to its customers, partners and/or end users, to directly infringe the '319 patent.  Samsung induces others to infringe the '319 patent by encouraging and facilitating others to perform actions that Samsung knows to be acts of infringement of the '319 patent with intent that those performing the acts infringe the '319 patent.

51.     Fundamental is informed and believes, and on this basis alleges, that Samsung has intentionally aided and encouraged third parties (including Samsung's customers, partners and end users) to use Accused Products in the United States in a manner that it knows would infringe or has a high probability of infringing the '319 Patent, with the specific intent that those performing the acts infringe the '319 Patent.  Fundamental is also informed and believes, and on this basis alleges, that Samsung has intentionally aided and encouraged third parties (including Samsung's vendors and partners) to sell or offer for sale in the United States and/or import into the United States Accused Products, having known that the acts it was causing would infringe or have a high probability of infringing the '319 Patent and with a specific intent that those performing the acts infringe the '319 Patent.

52.     On information and belief, Samsung has been, and currently is, contributorily infringing the '319 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '319 Patent, are known by Samsung to be especially made or especially adapted for use in infringement of the '319 Patent and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products.  Samsung's actions contribute to the direct infringement of the Patents-in-Suit by others, including Samsung's customers, partners and/or end users, in violation of 35 U.S.C § 271(c).

53.     As a result of Samsung's infringement of the '319 Patent, Fundamental has been damaged.  Fundamental is entitled to recover for damages sustained as a result of Samsung's wrongful acts in an amount to be determined.

54.     In addition, Samsung's infringing acts have caused and are causing immediate and irreparable harm to Fundamental.

55.     Samsung has had actual knowledge of its infringement of the '319 Patent since no later than December 14, 2015.  Fundamental is further informed, and on this basis alleges, that Samsung's infringement of the '319 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

## FOURTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,541,983)

56.     Fundamental re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

57.     The '983 Patent, entitled "Circuit and Method of Operation for an Electrical Power Supply," was duly and legally issued on September 24, 2013.  A true and correct copy of

the '983 Patent is attached as Exhibit D.

58.     The '983 Patent names Dusan Veselic and Martin G. A. Guthrie as co-inventors.

59.     The '983 Patent has been in full force and effect since its issuance.  Fundamental owns by assignment the entire right, title and interest in and to the '983 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.

60.     Fundamental is informed and believes, and on this basis alleges, that Samsung has committed and continues to commit acts of direct infringement of the '983 patent by making, using, selling, offering to sell and/or importing into the United States Accused Products including, for example, the Samsung Galaxy S7, S7 Edge, S7 Plus, S7 Edge Plus, S6, S6 Plus, S6 Edge, S6 Edge Plus, Note 5, Note Edge, TabPro S and other infringing consumer electronic products that include similar functionality.

61.     On information and belief, Samsung has been, and currently is, inducing infringement of the '983 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell or offer to sell the Accused Products in the United States, or to import the Accused Products into the United States, without license or authority from Fundamental, with knowledge of or willful blindness to the fact that Samsung's actions will induce others, including but not limited to its customers, partners and/or end users, to directly infringe the '983 patent.  Samsung induces others to infringe the '983 patent by encouraging and facilitating others to perform actions that Samsung knows to be acts of infringement of the '983 patent with intent that those performing the acts infringe the '983 patent.

62.     Fundamental is informed and believes, and on this basis alleges, that Samsung has intentionally aided and encouraged third parties (including Samsung's customers, partners and end users) to use Accused Products in the United States in a manner that it knows would infringe or have a high probability of infringing the '983 Patent, with the specific intent that those performing the acts infringe the '983 Patent.  Fundamental is also informed and believes, and on this basis alleges, that Samsung has intentionally aided and encouraged third parties (including Samsung's vendors and partners) to sell or offer for sale in the United States and/or import into

the United States Accused Products, having known that the acts it was causing would infringe or have a high probability of infringing the '983 Patent and with a specific intent that those performing the acts infringe the '983 Patent.

63.     On information and belief, Samsung has been, and currently is, contributorily infringing the '983 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '983 Patent, are known by Samsung to be especially made or especially adapted for use in infringement of the '983 Patent and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products.  Samsung's actions contribute to the direct infringement of the Patents-in-Suit by others, including Samsung's customers, partners and/or end users, in violation of 35 U.S.C § 271(c).

64.     As a result of Samsung's infringement of the '983 Patent, Fundamental has been damaged.  Fundamental is entitled to recover for damages sustained as a result of Samsung's wrongful acts in an amount to be determined.

65.     In addition, Samsung's infringing acts have caused and are causing immediate and irreparable harm to Fundamental.

66.     Samsung has had actual knowledge of its infringement of the '983 Patent since no later than December 14, 2015.  Fundamental is further informed, and on this basis alleges, that Samsung's infringement of the '983 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

## FIFTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,893,655)

67.     Fundamental re-alleges and incorporates by reference the allegations of the

preceding paragraphs of this Complaint as if fully set forth herein.

68.     The '655 Patent, entitled "Charging And Power Supply For Mobile Devices," was duly and legally issued on February 22, 2011.  A true and correct copy of the '655 Patent is attached as Exhibit E.

69.     The '655 Patent names Dusan Veselic as the inventor.

70.     The '655 Patent has been in full force and effect since its issuance.  Fundamental owns by assignment the entire right, title and interest in and to the '655 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.

71.     Fundamental is informed and believes, and on this basis alleges, that Samsung has committed and continues to commit acts of direct infringement of the '655 patent by making, using, selling, offering to sell and/or importing into the United States Accused Products including, for example, the Samsung Galaxy S7, S7 Edge, S7 Plus, S7 Edge Plus, S6, S6 Plus, S6 Edge, S6 Edge Plus, Note 5, Note Edge, TabPro S and other infringing consumer electronic products that include similar functionality.

72.     On information and belief, Samsung has been, and currently is, inducing infringement of the '655 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell or offer to sell the Accused Products in the United States, or to import the Accused Products into the United States, without license or authority from Fundamental, with knowledge of or willful blindness to the fact that Samsung's actions will induce others, including but not limited to its customers, partners and/or end users, to directly infringe the '655 patent.  Samsung induces others to infringe the '655 patent by encouraging and facilitating others to perform actions that Samsung knows to be acts of infringement of the '655 patent with intent that those performing the acts infringe the '655 patent.

73.     Fundamental is informed and believes, and on this basis alleges, that Samsung has intentionally aided and encouraged third parties (including Samsung's customers, partners and end users) to use Accused Products in the United States in a manner that it knows would infringe or have a high probability of infringing the '655 Patent, with the specific intent that those

performing the acts infringe the '655 Patent.  Fundamental is also informed and believes, and on this basis alleges, that Samsung has intentionally aided and encouraged third parties (including Samsung's vendors and partners) to sell or offer for sale in the United States and/or import into the United States Accused Products, having known that the acts it was causing would infringe or have a high probability of infringing the '655 Patent and with a specific intent that those performing the acts infringe the '655 Patent.

74.     On information and belief, Samsung has been, and currently is, contributorily infringing the '655 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '655 Patent, are known by Samsung to be especially made or especially adapted for use in infringement of the '655 Patent and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products.  Samsung's actions contribute to the direct infringement of the Patents-in-Suit by others, including Samsung's customers, partners and/or end users, in violation of 35 U.S.C § 271(c).

75.     As a result of Samsung's infringement of the '655 Patent, Fundamental has been damaged.  Fundamental is entitled to recover for damages sustained as a result of Samsung's wrongful acts in an amount to be determined.

76.     In addition, Samsung's infringing acts have caused and are causing immediate and irreparable harm to Fundamental.

77.     Samsung has had actual knowledge of its infringement of the '655 Patent since no later than December 14, 2015.  Fundamental is further informed, and on this basis alleges, that Samsung's infringement of the '655 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

## SIXTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 6,936,936)

78.     Fundamental re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

79.     The '936 Patent, entitled "Multifunctional Charger System and Method," was duly and legally issued on August 30, 2005.  A true and correct copy of the '936 Patent is attached as Exhibit F.

80.     The '936 Patent names Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong and Jonathan T. Malton as co-inventors.

81.     The '936 Patent has been in full force and effect since its issuance.  Fundamental owns by assignment the entire right, title and interest in and to the '936 Patent, including the right to seek damages for past, current and future infringement thereof.

82.     Fundamental is informed and believes, and on this basis alleges, that Samsung has committed and continues to commit acts of direct infringement of the '936 patent by making, using, selling, offering to sell and/or importing into the United States Accused Products including, for example, the Samsung Galaxy S7, S7 Edge, S7 Plus, S7 Edge Plus, S6, S6 Plus, S6 Edge, S6 Edge Plus, Note 5, Note Edge, Note 4, J7, J3, Tab S2, TabPro S, Samsung-branded adaptive fast-charging wall chargers (such as EP-TA20, EP-TA20JWE, EP-TA20JWS, EP-TA300 ), Samsung-branded 5V-output wall chargers (such as EP-TA12, EP-TA12JWE, ETA-U90, ETA-U90JWE, ETA-U90EWE, EP-TA10, EP-TA10JWE, EP-TA50, EP-TA50JWS, ETAU061, ETAU061JWE ) and other infringing consumer electronic products and infringing mobile power adapters that include similar functionality.

83.     Fundamental is informed and believes, and on this basis alleges, that Samsung has been, and currently is, inducing infringement of the '936 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell the Accused Products in the United States, or to import such Products into the United States, without

license or authority from Fundamental, with knowledge of or willful blindness to the fact that Samsung's actions will induce others, including but not limited to its customers, partners and/or end users, to directly infringe the '936 patent.

84. Fundamental is informed and believes, and on this basis alleges, that Samsung has intentionally aided and encouraged third parties (including Samsung's customers, partners and end users) to use Accused Products in the United States in a manner that it knows would infringe or has a high probability of infringing the '936 Patent, with the specific intent that those performing the acts infringe the '936 Patent. Fundamental is also informed and believes, and on this basis alleges, that Samsung has intentionally aided and encouraged third parties (including Samsung's vendors and partners) to sell or offer for sale in the United States and/or import into the United States Accused Products, having known that the acts it was causing would infringe or have a high probability of infringing the '936 Patent and with a specific intent that those performing the acts infringe the '936 Patent.

85. Fundamental is informed, and on this basis alleges, that Samsung has been, and currently is, contributorily infringing the '936 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '936 Patent, are known by Samsung to be especially made or especially adapted for use in infringement of the '936 Patent and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products. Samsung's actions contribute to the direct infringement of the Patents-in-Suit by others, including Samsung's customers, partners and/or end users, in violation of 35 U.S.C § 271(c).

86. As a result of Samsung's infringement of the '936 Patent, Fundamental has been damaged. Fundamental is entitled to recover for damages sustained as a result of Samsung's wrongful acts in an amount yet to be determined.

87. In addition, Samsung's infringing acts and practices have caused and are causing immediate and irreparable harm to Fundamental.

88.     Samsung has had actual knowledge of its infringement of the '936 Patent since no later than December 14, 2015.  Fundamental is further informed, and on this basis alleges, that Samsung's infringement of the '936 Patent has been and continues to be deliberate and willful, and, therefore, this is therefore an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

## SEVENTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,239,111)

89.     Fundamental re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

90.     The '111 Patent, entitled "Universal Serial Bus Adapter For A Mobile Device," was duly and legally issued on July 3, 2007.  A true and correct copy of the '111 Patent is attached as Exhibit G.

91.     The '111 Patent names Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong, and Jonathan T. Malton as co-inventors.

92.     The '111 Patent has been in full force and effect since its issuance.  Fundamental owns by assignment the entire right, title and interest in and to the '111 Patent, including the right to seek damages for past, current and future infringement thereof.

93.     Fundamental is informed and believes, and on this basis alleges, that Samsung has committed and continues to commit acts of direct infringement of the ʹ111 patent by making, using, selling, offering to sell and/or importing into the United States Accused Products including, for example, Samsung-branded adaptive fast-charging wall chargers (such as EP-TA20, EP-TA20JWE, EP-TA20JWS, EP-TA300 ), Samsung-branded 5V-output USB wall chargers (such as EP-TA12, EP-TA12JWE, ETA-U90, ETA-U90JWE, ETA-U90EWE, EP-TA10, EP-TA10JWE, EP-TA50, EP-TA50JWS, ETAU061, ETAU061JWE) and other infringing consumer electronic products and infringing mobile power adapters that include

similar functionality.

94.     Fundamental is informed and believes, and on this basis alleges, that Samsung has been, and currently is, inducing infringement of the '111 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell the Accused Products in the United States, or to import such Products into the United States, without license or authority from Fundamental, with knowledge of or willful blindness to the fact that Samsung's actions will induce others, including but not limited to its customers, partners and/or end users, to directly infringe the '111 patent.

95.     Fundamental is informed and believes, and on this basis alleges, that Samsung has intentionally aided and encouraged third parties (including Samsung's customers, partners and end users) to use Accused Products in the United States in a manner that it knows would infringe or has a high probability of infringing the '111 Patent, with the specific intent that those performing the acts infringe the '111 Patent.  Fundamental is also informed and believes, and on this basis alleges, that Samsung has intentionally aided and encouraged third parties (including Samsung's vendors and partners) to sell or offer for sale in the United States and/or import into the United States Accused Products, having known that the acts it was causing would infringe or have a high probability of infringing the '111 Patent and with a specific intent that those performing the acts infringe the '111 Patent.

96.     Fundamental is informed, and on this basis alleges, that Samsung has been, and currently is, contributorily infringing the '111 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '111 Patent, are known by Samsung to be especially made or especially adapted for use in infringement of the '111 Patent and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products.  Samsung's actions contribute to the direct infringement of the Patents-in-Suit by others, including Samsung's customers, partners and/or end users, in violation of 35 U.S.C § 271(c).

97.     As a result of Samsung's infringement of the '111 Patent, Fundamental has been damaged.  Fundamental is entitled to recover for damages sustained as a result of Samsung's wrongful acts in an amount yet to be determined.

98.     In addition, Samsung's infringing acts and practices have caused and are causing immediate and irreparable harm to Fundamental.

99.     Samsung has had actual knowledge of its infringement of the '111 Patent since no later than December 14, 2015.  Fundamental is further informed, and on this basis alleges, that Samsung's infringement of the '111 Patent has been and continues to be deliberate and willful, and, therefore, this is therefore an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

## EIGHTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,624,550)

100.     Fundamental re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

101.     The '550 Patent, entitled "Multifunctional Charger System and Method," was duly and legally issued on January 7, 2014.  A true and correct copy of the '550 Patent is attached as Exhibit H.

102.     The '550 Patent names Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong and Jonathan T. Malton as co-inventors.

103.     The '550 Patent has been in full force and effect since its issuance.  Fundamental owns by assignment the entire right, title and interest in and to the '550 Patent, including the right to seek damages for past, current and future infringement thereof.

104.     Fundamental is informed and believes, and on this basis alleges, that Samsung has committed and continues to commit acts of direct infringement of the '550 patent by making, using, selling, offering to sell and/or importing into the United States Accused Products

including, for example, Samsung-branded adaptive fast-charging wall chargers (such as EP-TA20, EP-TA20JWE, EP-TA20JWS, EP-TA300), Samsung-branded 5V-output wall chargers (such as EP-TA12, EP-TA12JWE, ETA-U90, ETA-U90JWE, ETA-U90EWE, EP-TA10, EP-TA10JWE, EP-TA50, EP-TA50JWS, ETAU061, ETAU061JWE) and other infringing consumer electronic products and infringing mobile power adapters that include similar functionality. Fundamental is informed and believes, and on this basis alleges, that Samsung has been, and currently is, inducing infringement of the '550 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell the Accused Products in the United States, or to import such Products into the United States, without license or authority from Fundamental, with knowledge of or willful blindness to the fact that Samsung's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '550 patent.

105.    Fundamental is informed and believes, and on this basis alleges, that Samsung has intentionally aided and encouraged third parties (including Samsung's customers, partners and end users) to use Accused Products in the United States in a manner that it knows would infringe or has a high probability of infringing the '550 Patent, with the specific intent that those performing the acts infringe the '550 Patent.  Fundamental is also informed and believes, and on this basis alleges, that Samsung has intentionally aided and encouraged third parties (including Samsung's vendors and partners) to sell or offer for sale in the United States and/or import into the United States Accused Products, having known that the acts it was causing would infringe or have a high probability of infringing the '550 Patent and with a specific intent that those performing the acts infringe the '550 Patent.

106.    Fundamental is informed, and on this basis alleges, that Samsung has been, and currently is, contributorily infringing the '550 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '550 Patent, are known by Samsung to be especially made or especially adapted for use in infringement of the

'550 Patent and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products. Samsung's actions contribute to the direct infringement of the Patents-in-Suit by others, including Samsung's customers, partners and/or end users, in violation of 35 U.S.C § 271(c).

107. As a result of Samsung's infringement of the '550 Patent, Fundamental has been damaged. Fundamental is entitled to recover for damages sustained as a result of Samsung's wrongful acts in an amount yet to be determined.

108. In addition, Samsung's infringing acts and practices have caused and are causing immediate and irreparable harm to Fundamental.

109. Samsung has had actual knowledge of its infringement of the '550 Patent since no later than December 14, 2015. Fundamental is further informed, and on this basis alleges, that Samsung's infringement of the '550 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

## **PRAYER FOR RELIEF**

WHEREFORE, Fundamental prays for judgment against Samsung as follows:

A. That Samsung has infringed, and continues to infringe, each of the Patents-in-Suit;

B. That Samsung pay Fundamental damages adequate to compensate Fundamental for Samsung's infringement of the Patents-in-Suit, together with interest and costs under 35 U.S.C. § 284.

C. That Samsung be ordered to pay pre-judgment and post-judgment interest on the damages assessed;

D. That Samsung be ordered to pay supplemental damages to Fundamental, including interest, with an accounting, as needed;

10132785

E.      That Samsung's infringement is willful and that the damages awarded to Fundamental should be enhanced for up to three times the actual damages awarded;

F.      That this is an exceptional case under 35 U.S.C. § 285 and that Samsung pay Fundamental's attorney's fees and costs in this action; and

G.      That Fundamental be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Fundamental hereby demands a trial by jury on all issues triable to a jury.

Dated:  February 21, 2017

/s/ S. Calvin Capshaw
S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
CAPSHAW DERIEUX LLP
114 East Commerce Avenue
Gladewater, Texas 75647
Tel:  (903) 845-5770

Jason G. Sheasby (pro hac application forthcoming) (LEAD ATTORNEY)
jsheasby@irell.com
Andrei Iancu (pro hac application forthcoming)
aiancu@irell.com
H. Annita Zhong (pro hac application forthcoming)
hzhong@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax  (310) 203-7199

Attorneys for Plaintiff