IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC<br><br>      Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO. LTD. ET AL.<br><br>      Defendants | **Civil Action No. 2:17-cv-145-JRG-RSP**<br><br>█████████ |

**SAMSUNG'S MOTION TO STRIKE**
**EXPERT REPORT OF MR. MARK CHANDLER**

i

# TABLE OF CONTENTS

                                                                        **Page**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 1

III. LEGAL SECTION .............................................................................................................. 2

IV. ARGUMENT ....................................................................................................................... 3

    A. Mr. Chandler's License Analysis Should Be Excluded .......................................... 3

        1. Mr. Chandler Agrees That He Has Not Formed Any Opinion Whether Any of The Licenses He Reviewed Should Be Used In Determining A Reasonable Royalty ............................................................ 3

        2. Mr. Weinstein Does Not Rely on Mr. Chandler In Coming to A Reasonable Royalty ............................................................................................ 6

        3. Mr. Chandler's Review of ▮▮▮▮▮▮ Is Not Relevant To Any Issue ........... 9

    B. Chandler's Discussion of Various Ancillary Issues Should Be Excluded ............ 10

        1. Mr. Chandler Is Not A Patent Law or Patent Office Prosecution Expert and Thus Should Not Be Allowed To Testify About These Subjects ................................................................................................. 10

        2. Mr. Chandler Is Not a Technical Expert Nor Does He Have Any Expertise Re The Benefits of The Technology In This Case and Thus Should Not Be Allowed To Testify To Such ................................... 10

        3. Mr. Chandler Should Be Precluded From Testifying about Samsung Allegedly Being a Fast Follower ............................................... 11

        4. Mr. Chandler Should Be Precluded From Testifying Re Other Non-Related Samsung Cases ..................................................................... 11

        5. Mr. Chandler's Opinions Should Be Excluded Under Rule 403 .............. 12

V. CONCLUSION .................................................................................................................. 13

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Key Corp. v. Cole Nat'l Corp.*,
  762 F.2d 1569 (11th Cir. 1985) ............................................................................................7

*Bouygues Telecom, S.A. v. Tekelec*,
  472 F. Supp. 2d. 722 (E.D.N.C. 2007) ..................................................................................7

*Christopherson v. Allied-Signal Corp.*,
  939 F.2d 1106 (5th Cir. 1991) ...............................................................................................3

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) ..............................................................................................................2

*Hunt v. McNeil Consumer Healthcare*,
  297 F.R.D. 268 (E.D. La. 2014) ............................................................................................7

*Knight v. Kirby Inland Marine Inc.*,
  482 F.3d 347 (5th Cir. 2007) .................................................................................................2

*Pipitone v. Biomatrix, Inc.*,
  288 F.3d 239 (5th Cir. 2002) .............................................................................................3, 5

*Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*,
  637 F.3d 1269 (Fed. Cir. 2011) .............................................................................................9

*Tokio Marine & Fire Ins. Co., Ltd. v. Norfolk & W. Ry. Co.*,
  No. 98–1050, 98–1077, 172 F.3d 44, 1999 WL 12931 (4th Cir. 1999) ................................7

*VirnetX, Inc. v. Cisco Sys., Inc.*,
  767 F.3d 1308 (Fed. Cir. 2014) .............................................................................................2

*Washington v. Armstrong World Indus., Inc.*,
  839 F.2d 1121 (5th Cir. 1988) ...............................................................................................3

*Wilson v. Woods*,
  163 F.3d 935 (5th Cir. 1999) .................................................................................3, 10, 11

**Rules**

Fed. R. Evid. 401 ..........................................................................................................................3

Fed. R. Evid. 702 ..........................................................................................................................3

I.      INTRODUCTION

This Court should exclude the testimony of Mr. Chandler, one of three damages experts proffered by Fundamental, as Mr. Chandler does not offer any opinion with respect to the proper measure of damages in this case. Indeed, even though Mr. Chandler is an alleged licensing expert, he agreed during his deposition that ███████████████████████████████████ █████████████████████████████. Moreover, Fundamental's damages expert Mr. Weinstein, who does put forth a reasonable royalty opinion, does not even rely on Mr. Chandler's license analysis in coming to his license based market approach reasonable royalty in this case. Indeed, during his deposition, Mr. Chandler admitted that ████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████. Thus, by his own admission Mr. Chandler's equivocal analysis of licenses is not relevant, and only serves to further complicate the case and confuse the Jury. Moreover, this Court should exclude Mr. Chandler's testimony regarding various ancillary issues set forth in his report as Mr. Chandler has no expertise or basis to support his testimony on any of these issues including: the process of obtaining a patent, the patented technology and benefits of the patented technology, why Blackberry was successful in the marketplace, allegations that Samsung is a fast follower and copyist, and reference to and positions Samsung may have taken in other non-related and non-relevant cases.

II.     BACKGROUND

On May 17, 2018, Fundamental served three damages expert reports from its experts Mr. Weinstein, Dr. Sullivan, and Mr. Chandler. Mr. Chandler's alleged expertise and potential expert testimony in this case focuses on patent licensing and patent license negotiations. Ex. 1, Chandler Report ¶ 15. In his report, Mr. Chandler analyzes a number of patent license agreements ████ ████████████████████████████████ *Id.* ¶¶ 83-103 (████████████████), ¶¶ 58-82

(███████████). However, Mr. Chandler's report does not propound any opinion with respect to the proper measure of damages in this case based on his analyses of these licenses. *Id.* Moreover, when asked at his deposition whether the licenses he discusses in his report should be used in determining a reasonable royalty in this case, Mr. Chandler only would say that ███████ ████████████████████████████████████ Ex. 2 Chandler Dep. Tr. 141:13-142:9, 173:7-174:10.  Mr. Weinstein performs his own analysis of the very same ███████ ████████████████ in his expert report in coming to his license based market approach opinions on the proper measure of damages. Ex. 3, Weinstein Report at 41-56. Indeed, Mr. Weinstein's market approach opinions regarding the proper measure of damages in this case do not rely on Mr. Chandler's analysis. Ex. 4, Weinstein Dep. Tr. 114:11-115:14.

### III.  LEGAL SECTION

Under Federal Rule of Evidence 702, "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).  Because "[e]xpert evidence can be both powerful and quite misleading … the judge in weighing possible prejudice against probative force under [FRE] 403 … exercises more control over experts than over lay witnesses." *Id.* at 595.  "While questions regarding which facts are most relevant for calculating a reasonable royalty are properly left to the jury, a critical prerequisite is that the underlying methodology be sound." *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1328 (Fed. Cir. 2014). "The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, [and] the link between the facts and the conclusion …." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007). In short, "the expert's testimony must be reliable at each and every step or else it is inadmissible." *Id.*

Fed. R. Evid. 702 also provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," among other requirements. Fed. R. Evid. 702. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. "A perfectly equivocal opinion does not make any fact more or less probable and is irrelevant under the Federal Rules of Evidence." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 245 (5th Cir. 2002) (affirming exclusion of expert testimony); *see also Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1124 (5th Cir. 1988) (excluding opinion that "[plaintiff's] death **could have** been due to asbestos exposure" because it "lacked probative value because it was pure speculation.") (emphasis added).

The witness must also possess "specialized knowledge, skill, experience, training, or education in the relevant field[,] . . ." in order to be qualified to express his expert opinion on the topic in issue. *Christopherson v. Allied-Signal Corp.*, 939 F.2d 1106, 1110 (5th Cir. 1991). An expert should not be allowed to testify if she "is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999).

IV.   **ARGUMENT**

    A.   **Mr. Chandler's License Analysis Should Be Excluded**

        1.   *Mr. Chandler Agrees That He Has Not Formed Any Opinion Whether Any of The Licenses He Reviewed Should Be Used In Determining A Reasonable Royalty*

Mr. Chandler analyzes a number of patent license agreements in his expert report. The first set of licenses Mr. Chandler discusses are the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. 1, Chandler Report ¶¶ 235-294. Nowhere in his discussion of these licenses does Mr. Chandler conclude that

3

any of these licenses are comparable or should be considered in the hypothetical negotiation, only that they ▮▮▮▮▮ *Id.* ¶¶ 261, 267, 271, 277. The second set of licenses Mr. Chandler discusses are the ▮▮▮▮▮. *Id.* ¶¶ 172-234. Again, nowhere in his discussion of the ▮▮▮▮▮ does Mr. Chandler conclude that any of the ▮▮▮▮▮ are comparable and should be considered in performing the hypothetical negotiation, only that they "▮▮▮▮▮". *Id.* ¶¶ 184, 199, 208, 222, 228, 234. But the fundamental issue with Mr. Chandler's position that the licenses he reviewed



4



Ex. 2, Chandler Dep. Tr. 141:13-142:9,173:7-174:10 (objections omitted).

Based on his own testimony set out in detail above, Mr. Chandler has no opinion in this case that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* Mr. Chandler's equivocal opinions—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—should be excluded because they are irrelevant, devoid of any probative value, and will not assist the Jury. *Pipitone*, 288 F.3d at 245 ("A perfectly equivocal opinion does not make any fact more or less probable and is irrelevant under the Federal Rules of Evidence.") (affirming exclusion of expert testimony)

### 2. Mr. Weinstein Does Not Rely on Mr. Chandler In Coming to A Reasonable Royalty

Mr. Weinstein, another of Fundamental's damages experts in this case, puts forth a number of theories regarding the proper measure of damages in this case. Ex. 3, Weinstein Report ¶¶ 69-249. One of Mr. Weinstein's damages theories is a licensed based market approach analysis. *Id.* ¶¶ 89-120; 231-238. In his expert report, Mr. Weinstein also considers the ▮▮▮▮▮ ▮▮▮▮▮ that Mr. Chandler considered in his report. *Id.* Tellingly, when asked at his deposition, Mr. Weinstein testified that ▮▮▮▮▮

▮▮▮▮▮

Ex. 4, Weinstein Dep Tr. 114:11-115:14.  Thus, again Mr. Chandler's analysis of the ▮▮▮▮▮ is not relevant to any issue in this case, and allowing him to testify would only further complicate the issues and potentially confuse the Jury.

Mr. Weinstein states in his report that he talked to Mr. Chandler and incorporates by reference Mr. Chandler's findings.  Ex. 3, Weinstein Report ¶ 90.  This reference to Mr. Chandler is an improper attempt by Fundamental to interject Mr. Chandler into the case that courts have repeatedly rejected because "the wholesale adoption of the opinion of another expert verbatim cannot be within the intent of Fed. R. Evid. 702." *Bouygues Telecom, S.A. v. Tekelec*, 472 F. Supp. 2d. 722, 729 (E.D.N.C. 2007); *Hunt v. McNeil Consumer Healthcare*, 297 F.R.D. 268, 274 (E.D. La. 2014) ("[E]xpert testimony based solely or primarily on the opinions of other experts is inherently unreliable."); *Am. Key Corp. v. Cole Nat'l Corp.*, 762 F.2d 1569, 1580 (11th Cir. 1985) ("Expert opinions ordinarily cannot be based upon the opinions of others whether those opinions are in evidence or not."); *Tokio Marine & Fire Ins. Co., Ltd. v. Norfolk & W. Ry. Co.*, No. 98–1050, 98–1077, 172 F.3d 44 (Table), 1999 WL 12931, at *4 (4th Cir. 1999) ("[O]ne expert may not give the opinion of another expert who does not testify.").  Fundamental's attempt to inject Mr. Chandler into the case is especially improper in light of the fact that Mr. Chandler admitted that ▮▮▮▮▮  There are no relevant opinions for Mr. Weinstein to incorporate from Mr. Chandler, because Mr. Chandler has no relevant opinions in the first place.

In his expert report, Mr. Weinstein cites Mr. Chandler's report five times.  Ex. 3, Weinstein Report ¶¶ 97, 113, 217-218.  In the first instance, Mr. Weinstein cites Mr. Chandler's report for ▮▮▮▮▮ Ex. 3, Weinstein

7

Report ¶ 97, fn. 199. But Mr. Weinstein does not need Mr. Chandler's help to read and understand this basic information ▬▬▬▬▬▬▬▬ --even a lay person could glean these facts from reading the license itself. Mr. Weinstein's second cite to Mr. Chandler's report is for the proposition ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Ex. 3, Weinstein Report ¶ 97, fn. 200. Again, any lay person would understand that an issued patent is of greater value than a patent application. Mr. Weinstein's third reference to Chandler is to support his understanding that the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 3, Weinstein Report ¶ 133, fn. 246. As an initial matter, Mr. Chandler never even opines in his expert report that the products in the Olympus license are the "most analogous" to those at issue in this case, and Mr. Weinstein should not be permitted to rely on opinions that Mr. Chandler does not even have. Ex. 1, Chandler Report ¶ 204. Mr. Chandler confirmed at his deposition ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 2, Chandler Dep. Tr. 34:17-35:3. Mr. Weinstein's fourth and fifth references to Mr. Chandler rely on his opinions that a ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 3, Weinstein Report ¶¶ 217-218, fns. 415, 418. Mr. Chandler again appears to only summarize basic issues Mr. Weinstein likely already knows. Moreover, this analysis by Mr. Chandler appears to be legal interpretations of the *Georgia Pacific* factors, something Mr. Chander admitted he was unqualified to analyze because he is ▬▬▬▬▬▬▬▬ Ex. 2, Chandler Dep. Tr. 33:21-22.

8

Thus, at bottom, Mr. Chandler's analysis of the specific ▇▇▇▇ is not relevant, and as Mr. Weinstein himself testified ▇▇▇▇ Ex. 4, Weinstein Dep Tr. 114:11-115:14.  Moreover, to the extent there are ▇▇▇▇ Mr. Weinstein would by the Rules be precluded from relying on those licenses directly or even relying on Mr. Chandler's review of those other licenses.  Ex. 3, Weinstein Report ¶¶ 89-120.  *Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1286 (Fed. Cir. 2011) (affirming decision that expert "could not testify on matters not disclosed in his expert report or deposition")

### 3. Mr. Chandler's Review of ▇▇▇▇ Is Not Relevant To Any Issue

In addition to reviewing the ▇▇▇▇ discussed above, Mr. Chandler includes a section in his report that discusses various ▇▇▇▇  Ex. 1, Chandler Report ¶¶ 155-171.  In that section, Mr. Chandler discusses a number of ▇▇▇▇ *Id.* At his deposition, Mr. Chandler admitted that ▇▇▇▇.  Ex. 2, Chandler Dep. Transcript 174:11-175:9.  When asked, Mr. Chandler would not say at his deposition that any ▇▇▇▇.  *Id.*  Moreover, Mr. Weinstein does not discuss or even cite any of these ▇▇▇▇, further evidencing the fact these are not relevant to determining a reasonable royalty in this case.  Ex. 3, Weinstein Report ¶¶ 89-120; 231-238.  Moreover, many of these ▇▇▇▇.  Ex. 1, Chandler Report ¶¶ 155-171.  Showing or even discussing such numbers at trial would serve only to incite the Jury, condition the Jury to large damages numbers, and further confuse the Jury especially when there is no basis or even

9

expert opinion in this case that any are relevant to the proper measure of damages. Ex. 2, Chandler Dep. Transcript 174:11-175:9; Ex. 3, Weinstein Report ¶¶ 89-120; 231-238.

    **B.**    **Chandler's Discussion of Various Ancillary Issues Should Be Excluded**

        1.    *Mr. Chandler Is Not A Patent Law or Patent Office Prosecution Expert and Thus Should Not Be Allowed To Testify About These Subjects*

In his report, Mr. Chandler discusses how ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 1, Chandler ¶¶ 30-32. Moreover, Mr. Chandler discusses ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* Mr. Chandler is a purported expert in patent licensing, not patent office procedure, the standards required for patentability or costs involved in litigating patents. Ex. 2, Chandler Dep. Tr. 113:17-24. Indeed, at his deposition, Mr. Chandler admitted that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *Id.* Thus, this Court should exclude Mr. Chandler from testifying regarding the process of obtaining a patent, U.S. Patent Office procedure, the standards of patentability, and costs associated with patent litigation. *Wilson*, 163 F.3d at 937.

        2.    *Mr. Chandler Is Not a Technical Expert Nor Does He Have Any Expertise Re The Benefits of The Technology In This Case and Thus Should Not Be Allowed To Testify To Such.*

Mr. Chandler discusses in his report ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 1, Chandler Report ¶¶ 19-27. Moreover, Mr. Chandler purports to know the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *Id.* Mr. Chandler includes paragraphs in his report describing ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *Id.* Mr. Chandler further goes on to explain that he believes ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *Id.* ¶¶ 128-134. But again, Mr. Chandler is a

10

purported expert in patent licensing, not a technical expert or expert in the state of the art or USB technology.  Ex. 2, Chandler Dep. Tr. 34:17-35:3.  Moreover, it is Fundamental's position in this case that the patents in suit do not cover the USB 2.0 standard.  Dkt. 46 Ex. A at 2.  Thus, this Court should preclude Mr. Chandler from testifying regarding the technology at issue in this case including the state of the art, the USB specifications, and the extent of use of the technology at issue in this case.

### 3. *Mr. Chandler Should Be Precluded From Testifying about Samsung Allegedly Being a Fast Follower.*

Mr. Chandler states in his expert report that Samsung has a reputation of being a "fast follower" as opposed to being a pioneer or "first to market" company.  Ex. 1, Chandler Report ¶ 308.  Further, Mr. Chandler states that Blackberry has long been known as a major innovator.  *Id.*  Again, Mr. Chandler is an alleged licensing expert, not a technical expert with any expertise determining which entities may be leaders and innovators in their field and which may have invented which technology.  Ex. 2, Chandler Dep. Tr. 34:17-35:3. He admitted that ▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.  *Id.* 211:18-21. Moreover, Mr. Chandler has ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬  Ex. 1, Chandler Report ¶ 308.  This testimony is clearly outside the scope of his expertise, has no basis in his expertise or factual knowledge, and is included only to incite the Jury.  This Court should preclude Mr. Chandler from testifying regarding any alleged fast follower and major innovator issues as outside the scope of his expertise, unsupported conclusory expert opinion and without any basis.  *Wilson*, 163 F.3d at 937.

### 4. *Mr. Chandler Should Be Precluded From Testifying Re Other Non-Related* ▬▬▬▬▬▬▬

In his report, Mr. Chandler raises ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬  Ex. 1, Chandler Report ¶¶ 159-166.  Mr. Chandler was not

11

involved in either of those cases. *Id.*, Exhibit 1.  Although these may be available to Fundamental for cross examination or impeachment purposes, to the extent Samsung were to take fundamentally different positions in this case, Mr. Chandler should not be allowed to affirmatively testify about what might have happened in another case not having any first-hand knowledge of the facts and circumstances in that case, and the limited nature of such information.  Moreover, Mr. Chandler has not even attempted to establish that any of the circumstances ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ cases are in any way comparable to this case.  Ex. 1, Chandler Report ¶¶ 159-166.  Indeed, Dr. Sullivan, one of the three Fundamental damages experts in this case testified that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 5, Sullivan Dep. Tr. 17:2-15.  Thus, any testimony about these unrelated matters is not relevant to any of the issues in this case, indeed Mr. Chandler has not even attempted to establish such, and accordingly Mr. Chandler should not be allowed to testify as such.

   **5.   *Mr. Chandler's Opinions Should Be Excluded Under Rule 403***

As set forth herein, Mr. Chandler's report is limited to the narrow issue of analyzing various licenses.  Although, he testified at deposition that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mr. Chandler offers no opinion on a reasonable royalty and in fact has no opinion that any of the licenses he reviews in his report are even comparable or should even be used in determining a royalty.  Mr. Weinstein, who calculates damages does not rely on Mr. Chandler's review of the various licenses, and relies on, instead his own analysis.  At bottom, there is no relevant use of Mr. Chandler's analysis.  The only analysis Mr. Chandler does separate from the Weinstein analysis is look at a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  It appears that this part of Mr. Chandler's analysis is simply being used by Fundamental

to show the alleged reasonableness of █████████████████████████████████  It otherwise has no relevance to the issues in this case and its prejudice to Samsung far outweighs any relevance to this case.  For this additional reason, Mr. Chandler's testimony should be excluded.

## V.    CONCLUSION

Mr. Chandler, one of three Fundamental damages experts in this case, has no opinion to offer regarding the proper measure of damages in this case.  Mr. Chandler is a purported licensing expert, but Mr. Chandler himself testified at deposition that he has no opinions regarding whether any of the licenses he discusses in his report should be used in determining the reasonable royalty damages in this case.  Allowing him to say ████████████████████████████████ ███████████████████████████████  Moreover, the many other ancillary issues raised above are not within Mr. Chandler's alleged expertise, and appear to be a bald attempt by Fundamental to present to the Jury not relevant and prejudicial information.  Thus, as set forth above, Samsung respectfully requests that this Court limit Mr. Chandler's testimony as described herein.

13

Dated: June 22, 2018

Respectfully submitted,

By: /s/ *Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:  melissa@gillamsmithlaw.com

Gregory S. Arovas, P.C.
greg.arovas@kirkland.com
Todd M. Friedman, P.C.
todd.friedman@kirkland.com
Alex Henriques
alex.henriques@kirkland.com
Jeremy Wilson
jeremy.wilson@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Edward C. Donovan
edward.donovan@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

***Attorneys for Samsung Defendants***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on this the 22nd day of June 2018.

                  */s/ Melissa R. Smith*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel have complied with the meet and confer requirement in Local Rule CV-7(h) and this Court's Orders.  Samsung raised the issues addressed in this motion with Fundamental on June 20, 2018.  The parties discussed the subject matter of this motion during a meet and confer on June 22, 2018.  Fundamental stated that it opposes this motion.

                  */s/ Melissa R. Smith*

2